## The People of the State of Illinois, Defendant in Error, v. John H. Montgomery, Plaintiff in Error.

### Gen. No. 21,083. (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOSEPH E. RYAN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1915. Reversed and remanded. Opinion filed December 21, 1915.

### Statement of the Case.

Prosecution by the People of the State of Illinois against John H. Montgomery, defendant, in the Municipal Court of Chicago, charging him with selling cocaine contrary to the statute. To reverse a judgment of conviction with a sentence of three months in the county jail and a fine of $1,000, defendant prosecutes this writ of error.

There was no direct evidence of a sale and no evidence which did not comport with defendant's innocence. It appeared that one Clay was handed money by a police officer with which to purchase cocaine, and in the presence of witnesses he handed defendant the money and $5 of his own, asking defendant to keep it for him. Clay stepped behind the counter and taking a bottle of cocaine, worth about $2, and retired to a water-closet. There was no evidence of any secret understanding between defendant and Clay, or that any one else knew that Clay took the bottle. Defendant denied that any such understanding existed. Defendant returned Clay's money on request. Clay was formerly a porter at defendant's store and it was not unusual for him to ask defendant to keep money for him.

EDWARD H. MORRIS, for plaintiff in error.

MACLAY HOYNE, for defendant in error; EDWARD E. WILSON, of counsel.

MR. JUSTICE BARNES delivered the opinion of the court.

## Abstract of the Decision.

DRUGGISTS, § 9*—*when evidence insufficient to warrant conviction for unlawfully selling cocaine.* In a prosecution charging defendant with illegal sale of cocaine, where it appeared that a person handed defendant money which he asked defendant to keep for him, and then stepped behind the counter of defendant's drug store and took a bottle of cocaine, after which defendant returned his money at his request, a judgment of conviction *held* not sustained by the evidence, it not appearing affirmatively that defendant knew of such taking or that there was a secret understanding between defendant and said person to effect an illegal sale.